UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

JOEL V. LEVINE,

       Plaintiff,

vs.

COSTCO WHOLESALE CORP., a foreign corporation,

       Defendant.

_____/

## NOTICE OF REMOVAL

Please take notice that Defendant, COSTCO WHOLESALE CORP., by and through the undersigned counsel, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, hereby removes the above captioned action from the Fifteenth Judicial Circuit in and for Palm Beach County, State of Florida, to the United States District Court, Southern District of Florida, on the following grounds:

1. Defendant, COSTCO WHOLESALE CORP. ("Defendant"), a foreign corporation, is the sole named Defendant in a civil action filed by Plaintiff, JOEL V. LEVINE ("Plaintiff") in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on May 10, 2022. *See Plaintiff's Complaint attached hereto as Exhibit "1."* The single-count Complaint pleads a claim for negligence arising out of an incident where Plaintiff alleges he tripped and fell on Defendant's premises located in Royal Palm Beach, Florida. *Exhibit 1* at ¶¶ 4-8. The Complaint further alleges that Costco was a foreign corporation. *Exhibit 1* at ¶ 3.

2. Thereafter, a summons was issued and served on Defendant on May 18, 2022. *See Summons attached hereto as Exhibit "2."* On June 8, 2022, Defendant filed its Answer and Affirmative Defenses. *See Answer attached hereto as Exhibit "3."*

3. Pursuant to 28 U.S.C. § 1446(a) and Rule 10(c), Fed.R.Civ.P., copies of all process, pleadings, and orders served upon the Defendant (to date, the Complaint and summons) are attached as Exhibits "1" and "2" and are incorporated by reference herein.

4. Plaintiff alleged in his Complaint that he "was a natural person residing in Palm Beach County, Florida." *Exhibit 1* at ¶ 2.

5. At all times material hereto, Defendant was and is a foreign corporation incorporated in and with its principal place of business in the State of Washington.

6. Plaintiff alleged in her Complaint that "[t]his is an action for damages that exceed the minimum jurisdictional amount" for the Florida Circuit Court. *Exhibit 1* at ¶ 1.

7. Additionally, Plaintiff's Complaint alleges that as a direct and proximate result of the negligence of Defendant, Plaintiff, JOEL, V. Levine, "suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scaring, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of previous existing conditions." Plaintiff further alleges his damages are either permanent or continuing, and that he will continue to suffer losses in the future. *Exhibit 1* at ¶ 8.

8. Further, Plaintiff served Defendant with a pre-suit demand seeking well in excess of this Court's minimum jurisdictional amount and asserting recoverable medical bills alone in excess of $75,000.00. *See Plaintiff's demand attached hereto as Exhibit "4."*

9. As set forth in detail below, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), since the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States. Defendant therefore provides Notice of Removal from the Fifteenth Judicial Circuit in and for Palm Beach

County, State of Florida, to the United States District Court, Southern District of Florida. Concurrent with the filing of this Notice of Removal with this Court, Defendant will provide Notice of Removal to the Plaintiff, through the attorney of record in the state court action as required by 28 U.S.C. § 1446(d), as well as notice to the Clerk of the State Court in and for the Fifteenth Judicial Court in and for Palm Beach County, State of Florida.

## FACTS SUPPORTING BASIS FOR REMOVAL

At the time of the filing of this action, and at all times material, Defendant is a for-profit corporation incorporated in and with principal place of business in the state of Washington. Plaintiff alleged in her Complaint that she "is a resident of Palm Beach County, Florida," and Defendant is a foreign corporation. *Exhibit 1* at ¶¶ 2-3.

Plaintiff alleged in his Complaint that "[t]his is an action for damages that exceed the minimal jurisdictional amount" of the subject Florida Circuit Court ($30,000). *Exhibit 1* at ¶ 1. Further, Plaintiff served Defendant with a pre-suit demand seeking well in excess of this Court's and alleging medical bills alone in excess of $75,000.00. *Exhibit 4.*

As Defendant was served with the Complaint and Summons on May 18, 2022, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b) within 30 days.

## MEMORANDUM OF LAW

28 U.S.C. § 1441 Removal of civil actions, states:

> "(a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive

3

of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Corporations shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

In this case, diversity jurisdiction exists pursuant to § 1332(a)(1). Plaintiff and Defendant are citizens of different states (Florida and Washington, respectively). *Exhibits* 1 ¶¶ 2-3. Further, the amount in controversy clearly exceeds $75,000. *Exhibit 4*.

Accordingly, pursuant to 28 U.S.C. § 1441, and based on the evidence provided hereto, Defendant timely removes this action to this Court as it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

Respectfully submitted,

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560     Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com
Attorneys for Costco

*/S/ Benjamin L. Bedard*
BENJAMIN L. BEDARD
Florida Bar No: 983772

(Certificate of service on the following page)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY 17th day of June, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC. I also certify that the foregoing document is being served this day to Karl Labertew, Esq., Counsel for Plaintiff, 1000 Legion Place, Ste 100, Orlando, FL 32801, pleadings@kpattorney.com; klabertew@kpattorney.com; sforbes@kpattorney.com , in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Phone: 561/688-6560     Fax: 561/688-2343
Email: bbedard@rrbpa.com; dclement@rrbpa.com
Attorneys for Costco

 _/S/ Benjamin L. Bedard__
BENJAMIN L. BEDARD
Florida Bar No: 983772